# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN DEVON, CDCR #E-43780, | Civil No. 10cv2098 BTM (PCL) |
| Plaintiff, | **ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g) [Doc. No. 3]** |
| vs. | |
| A. HERNANDEZ, W. SUGLIGH; R. VALDEZ; P. COWAN, | |
| Defendants. | |

Plaintiff, Alan Devon, is a state inmate who is currently incarcerated at R. J. Donovan Correctional Facility. Plaintiff has filed a civil action pursuant to 42 U.S.C. § 1983, along with a Motion to Proceed *In Forma Pauperis* ("IFP") [Doc. No. 3]. On October 27, 2010, Plaintiff filed a First Amended Complaint ("FAC").

**I.     Motion to Proceed IFP**

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation IFP, that is, without the full prepayment of fees or costs. 28 U.S.C. § 1915(a)(2). However, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

-1-                                                                                10cv2098 BTM (PCL)

> . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.; see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

**II.    Application of 28 U.S.C. § 1915(g)**

The Court, in deciding whether Plaintiff may proceed IFP or is barred by § 1915(g) must review Plaintiff's First Amended Complaint and ascertain whether there is a "plausible allegation" to suggest Plaintiff "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

1  A court "'may take notice of proceedings in other courts, both within and without the
2 federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias*
3 *v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d
4 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens*
5 *Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Thus, this Court takes judicial
6 notice that Plaintiff has had at *least* three prisoner civil actions dismissed on the grounds that
7 they were frivolous, malicious, or failed to state a claim upon which relief may be granted.
8  They are:
9  1) *Devon v. Cambra, et al.*, Civil Case No. 98-0600 FMS (N.D. Cal. Feb. 19, 1998
10  Order denying motion to proceed IFP and dismissing complaint for failing to
11  state a claim) (strike one);
12  2) *Devon v. Roe, et al.*, Civil Case No. 02-6286 TJH (C.D. Cal. May 14, 2003 Order
13  adopting findings, conclusions and recommendations of United States Magistrate
14  Judge recommending granting defendants' motion to dismiss complaint for
15  failing to state a claim) (strike two);
16  3) *Devon v. State of California, et al.*, Civil Case No. 06-0784 (SGL) (C.D. Cal.
17  Mar. 14, 2006 Order denying motion to proceed IFP and dismissing complaint
18  as legally and/or factually patently frivolous) (strike three).
19
20  Accordingly, because Plaintiff has, while incarcerated, accumulated at least three
21 "strikes" pursuant to § 1915(g), and his First Amended Complaint fails to allege a "plausible
22 allegation" that he faced imminent danger of serious physical injury at the time he filed this
23 action, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493
24 F.3d at 1055. While Plaintiff references past injuries in his First Amended Complaint, the
25 Court can find no clear facts in his First Amended Complaint that would suggest that he
26 *currently* facts an imminent danger of serious physical injury.
27 / / /
28 / / /

**III.	Conclusion and Order**

For the reasons set forth above, the Court hereby:

1)	**DENIES** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(g) [Doc. No. 3]; and

2)	**GRANTS** Plaintiff **forty five (45)** days leave from the date this Order is "Filed" to prepay the entire $350 civil filing fee in full.

**IT IS FURTHER ORDERED** that the if Plaintiff fails to pay the $350 civil filing fee within that time, this action will be dismissed.

**IT IS SO ORDERED.**

DATED:  November 3, 2010

*Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge